UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHELIA ROCHELLE WILLIAMS,

      Plaintiff,

v.                                                    Case No.:  6:22-cv-131-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Sheila Rochelle Williams seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. Plaintiff also filed a Reply Brief. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

Plaintiff filed an application for a period of disability and disability insurance on March 26, 2020, alleging disability beginning on March 11, 2020. (Tr. 80, 181-88). The applications were denied initially and on reconsideration. (Tr. 80, 95). Plaintiff requested a hearing, and on May 7, 2021, a hearing was held before Administrative Law Judge Jeffrey Ferguson ("ALJ"). (Tr. 28-61). On May 28, 2021, the ALJ entered a decision finding Plaintiff not under a disability from March 11, 2020, through the date of the decision. (Tr. 13-23).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on December 14, 2021. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on January 21, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2025. (Tr. 15). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 11, 2020, the alleged onset date. (Tr. 15). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical and lumbar spine; and Chiari malformation status/post

suboccipital craniotomy and decompression." (Tr. 15). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 16).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 [C.F.R. §] 404.1567(b). The claimant can never climb ladders, ropes or scaffolds. She can never balance. She can occasionally reach overhead with her bilateral upper extremities. The claimant can never work in loud or very loud environments. She must avoid concentrated exposure to vibration. She must avoid even moderate exposure to work-place hazards such as moving machinery, moving mechanical parts and unprotected heights.

(Tr. 16).

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a medical assistant. (Tr. 21). The ALJ found this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 21-22). The ALJ concluded that Plaintiff had not been under a disability from March 11, 2020, through the date of the decision. (Tr. 22).

## II. Analysis

On appeal, Plaintiff raises two issues. As stated by Plaintiff, they are:

(1)     The ALJ failed to fully and fairly develop the record when he failed to order a consultative physical examination; and

(2)     The ALJ failed to apply the correct legal standards to Plaintiff's testimony regarding her pain and limitations.

(Doc. 20, p. 4, 6).

## A.     Duty to Develop the Record

Plaintiff argues that the ALJ erred in failing to develop the record. Plaintiff contends that at the May 2021 hearing, the ALJ recognized that Plaintiff's last medical record was from September 2020. (Doc. 20, p. 5; Tr. 53). Plaintiff argues that based on the lack of a current physical examination, the ALJ should have ordered a consultative physical examination in order to fully and fairly develop the record. (Doc. 20, p. 5).

A plaintiff bears the burden of proving she is disabled and is responsible "for producing evidence in support of h[er] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). Even so, "[i]t is well-established that the ALJ has a basic duty to develop a full and fair record." *Id. See* 20 C.F.R. § 404.1545(a)(3) ("However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get

medical reports from your own medical sources.").[1] While an ALJ has this duty, he "is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). Further, the ordering of a consultative examination is a discretionary matter for the ALJ and should be sought "'to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision' on the claim." *Banks for Hunter v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 706, 713 (11th Cir. 2017) (quoting 20 C.F.R. § 416.919a(b)).

In order to justify a remand on this basis, a plaintiff must show that her right to due process has been violated to such an extent that the record contains evidentiary gaps, which resulted in unfairness or clear prejudice. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018). That said, a mere lack of a consultative examination is inadequate to meet a plaintiff's burden to establish prejudice. *Henderson v. Comm'r of Soc. Sec.*, 353 F. App'x 303, 305 (11th Cir. 2009) (finding that the plaintiff did not explain how the absence of certain evidence precluded the ALJ from making an informed decision, nor did the plaintiff explain how such an

---

[1] When a claimant is not represented at a hearing and has not waived her right to representation, then the ALJ has a "special duty" to develop the record. *See Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995). In this case, Plaintiff proceed with the hearing without the benefit of a representative, waived her right to representation, and raised no issue on waiver. (Tr. 32-33). Thus, the ALJ only had a basic duty to develop the record.

assessment would have affected the ALJ's overall disability determination). After review of the decision and given the medical records and other records before the ALJ, the ALJ did not err by failing to order a consultative examination.

At the May 2021 hearing, the ALJ noted that Plaintiff's last medical records were from September 2020 and then asked Plaintiff about seeing her doctors since that time. (Tr. 53). Plaintiff responded that she had no insurance and planned to see her doctor in January. (Tr. 53). Plaintiff argues that because of the lack of a current physical examination, the ALJ should have ordered a consultative examination. (Doc. 20, p. 5). Plaintiff also contends that a consultative examination is needed based on the ALJ finding the State Agency consultants' opinions persuasive. (Doc. 20, p. 5-6).

Even if the record is insufficient, which it is not, Plaintiff fails to establish prejudice because she does not demonstrate how the findings of an updated consultative examination may differ from the medical evidence already of record. For example, Plaintiff failed to cite to any evidence of record that showed her condition was worsening, or the presence of a new impairment that would warrant a consultative examination to determine whether Plaintiff had additional functional limitations. Therefore, Plaintiff's arguments that a consultative examination would support Plaintiff's allegations of disability amount to no more than mere speculation.

This mere speculation does not warrant remand. Thus, the ALJ did not err in failing to order a consultative examination.

### B.    Subjective Complaints

Plaintiff argues that the ALJ failed to apply the correct legal standards to Plaintiff's testimony on her pain and limitations. (Doc. 20, p. 8). A claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due

to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

After summarizing Plaintiff's subjective complaints and the medical evidence of record, the ALJ found:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are

inconsistent because the claimant's statement regarding her need for a walker is not consistent with her testimony and the medical evidence of record. The claimant testified she used her walker all the time. However, she also testified that she recently went to a mall with her daughter and walked around for about an hour without her walker. Further, there were many treatment notes in the record which did not document her using a hand-held assistive device. At her most recent pain management examination, she stated she could only walk about half a city block. While she presented with an antalgic gait, she did not require a hand-held assistive device. She also presented with full motor strength of her lower extremities and hip. Finally, she appeared to recover from her brain craniotomy and depression. She noted significant improvement during her last examination with Dr. Wehman.

(Tr. 20-21).

Plaintiff argues that while the ALJ provided some reasons to discount her testimony about her need for a walker, the ALJ failed to provide reasons why he rejected her testimony that she had difficulty walking and sitting for long periods of time and had to change positions due to her pain. (Doc. 20, p. 8). Plaintiff claims that her physical examinations supported her limitations as it showed tenderness to palpation along the lumbar paraspinal muscles bilaterally, muscle spasms, lumbar spine range of motion moderately limited with pain, antalgic gait, diminished sensation to light touch in the right L5 dermatome, and positive straight leg raise testing on the right. (Doc. 20, p. 9). Plaintiff claims that the ALJ failed to apply the correct legal standard and substantial evidence does not support his subjective complaint determination. (Doc. 20, p. 9; Doc. 25, p. 1-2).

Here, the ALJ considered the consistency of Plaintiff's statements along with the other evidence of record that he summarized immediately preceding this portion of the decision. For example, the ALJ compared Plaintiff's statements about the use of a walker with her ability to walk around a mall with her daughter for an hour without a walker. (Tr. 20-21). The ALJ also compared Plaintiff's ability to walk around a mall with her complaint that she could only walk half a city block. (Tr. 20-21). The ALJ further compared Plaintiff's full motor strength of the lower extremities and hip with her subjective statements about her limited abilities. (Tr. 20-21). The ALJ also acknowledged that Plaintiff presented with an antalgic gait at a recent pain management examination, but again noted she did not require a hand-held device to ambulate. (Tr. 20-21). In addition, the ALJ commented that Plaintiff's neck pain had significant improvement. (Tr. 21; Tr. 544 ("neck pain well controlled")). By the ALJ finding Plaintiff's statements in conflict with the other evidence of record, substantial evidence supports his clearly articulated subjective-complaint findings and these findings are supported by the record. Further, the ALJ applied the correct legal standard.

## III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The

Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

DONE and ORDERED in Fort Myers, Florida on February 22, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties